**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1790**

---

JAMES K. ABCOUWER,

Plaintiff - Appellee,

versus

NISOURCE, INCORPORATED, a foreign corporation,

Defendant - Appellant,

and

NISOURCE CORPORATE SERVICES COMPANY, a foreign corporation; GARY L. NEALE, in his capacity as Chairman, President and Chief Executive Officer of NiSource, Incorporated, and unknown; JOHN DOES, representatives of NiSource Incorporated, in their official capacities,

Defendants.

---

**No. 04-1855**

---

JAMES K. ABCOUWER,

Plaintiff - Appellant,

versus

NISOURCE, INCORPORATED, a foreign corporation,

Defendant - Appellee,

and

NISOURCE CORPORATE SERVICES COMPANY, a foreign corporation; GARY L. NEALE, in his capacity as Chairman, President and Chief Executive Officer of NiSource, Incorporated, and unknown; JOHN DOES, representatives of NiSource Incorporated, in their official capacities,

Defendants.

_____

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CA-01-1305-2)

_____

Argued:  February 2, 2005          Decided:  March 9, 2005

_____

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Earle Duncan Getchell, Jr., MCGUIREWOODS, L.L.P., Richmond, Virginia, for NiSource, Incorporated.  Robert Bernette Allen, ALLEN, GUTHRIE, MCHUGH & THOMAS, P.L.L.C., Charleston, West Virginia, for James K. Abcouwer. **ON BRIEF:** William H. Baxter, II, Amy M. Pocklington, MCGUIREWOODS, L.L.P., Richmond, Virginia; Timothy M. Miller, William E. Robinson, ROBINSON & MCELWEE, P.L.L.C., Charleston, West Virginia, for NiSource, Incorporated. Pamela C. Deem, Teresa K. Thompson, ALLEN, GUTHRIE, MCHUGH & THOMAS, P.L.L.C., Charleston, West Virginia, for James K. Abcouwer.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James K. Abcouwer sued his former employer, NiSource, Inc., seeking termination benefits under his employment contract. Following a jury verdict in favor of Abcouwer, NiSource filed a motion for judgment as a matter of law or, in the alternative, a new trial. The district court denied the motion. We affirm.

NiSource argues that no reasonable jury could find that Abcouwer was entitled to termination benefits under the contract. Shortly before Abcouwer's termination, NiSource, a utilities company, was involved in a series of complex mergers and acquisitions involving several holding companies and another utilities company. Under his contract, Abcouwer was not entitled to termination benefits if he was a "participant in a group effecting" the acquisition of NiSource. NiSource contends that Abcouwer cannot recover termination benefits because Abcouwer was a "participant in a group effecting" the acquisition as a matter of law.*

We review de novo the district court's denial of NiSource's Rule 50(b) motion for judgment as a matter of law, viewing the evidence in the light most favorable to Abcouwer, the nonmoving party. See Babcock v. BellSouth Adver. & Publ'g Corp., 348 F.3d

_____

*Because we conclude that a reasonable jury could have found that Abcouwer was not a "participant in a group effecting" the acquisition, we need not determine the separate issue of whether NiSource was actually acquired.

3

73, 76 (4th Cir. 2003). Judgment as a matter of law is appropriate after trial only when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1).

We conclude that there was a legally sufficient basis for the jury to find that Abcouwer was not a "participant in a group effecting" the acquisition of NiSource. The district court found this phrase to be unambiguous, and neither party has appealed that determination. The district court instructed the jury to give the words "participant," "group," and "effecting" their plain and ordinary meanings. It was proper for the court to allow the jury to determine whether Abcouwer was a "participant in a group effecting" the acquisition based on the facts presented at trial. Although the evidence showed that Abcouwer performed certain tasks assigned to him by his superiors at NiSource, the jury could have reasonably concluded that he was not a member of the select group of top executives that actually planned and effected the acquisition.

NiSource also argues that the district abused its discretion by improperly instructing the jury. We have reviewed the jury instruction in question and find no abuse of discretion. See Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1999) ("We review challenges to jury instructions for abuse of discretion. The test of the adequacy of jury instructions is whether the jury

charge, construed as a whole, adequately states the controlling legal principle without misleading or confusing the jury").

Because we conclude that there was a legally sufficient basis for the jury's verdict and find no abuse of discretion in the jury instructions, we affirm the district court's denial of NiSource's motion for judgment as a matter of law or, in the alternative, for new trial.

AFFIRMED